IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES A. HEWITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-2264-DWD |
| | ) | |
| T. LILLIARD, Warden of FCI | ) | |
| Greenville, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On June 29, 2023, Petitioner Charles A. Hewitt, an inmate at the Federal Correctional Institute in Greenville, Illinois, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court now conducts a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

## I.     BACKGROUND

---

[1]Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

On September 25, 2019, in the Central District of Illinois, Petitioner pleaded guilty to enticement of a minor, 18 U.S.C. § 2422(b), and committing that offense while a designated sex offender, id. § 2260A. (18-cr-10059, Doc. 38). On January 29, 2020, Petitioner was sentenced to an aggregate 420 months imprisonment followed by a 10-year term of supervised release. Petitioner did not timely appeal the sentence. However, Petitioner did file a § 2255 petition, alleging ineffective assistance of counsel. The petition was denied on April 10, 2023, and the Seventh Circuit denied a certificate of appealability on October 3, 2023.

Having failed to win relief under § 2255 from the district court in the Central District of Illinois and the Seventh Circuit, Petitioner filed the instant Petition under 28 U.S.C. 2241 in the Southern District of Illinois, the district where he is confined.

## II.    PETITION

Petitioner challenges the validity of his conviction on three grounds. First, Petitioner contends that the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), which addressed whether the right to abortion is protected under the Due Process Clause of the Fourteenth Amendment, establishes that the statutes under which he was convicted are unconstitutional. According to Petitioner, *Dobbs* establishes that Congress has no authority to enact criminal legislation generally and/or that the criminalization of the sexual exploitation of minors is not a valid exercise of Congress's authority. Petitioner's second argument appears to be that Congress lacks authority under the Constitution to create any federal crime not expressly set forth in the

Constitution, and therefore, his conviction is unconstitutional. Finally, Petitioner contends that his conviction is unconstitutional under "the doctrine prohibiting the enforcement of vague laws."

### III.    ANALYSIS

"Section 2255 is by far the primary route for federal prisoners to challenge the lawfulness of their convictions and sentences." *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). Section 2255(h) limits the ability of a prisoner to bring a second or successive motion under that section, and "Section 2255(e) steers almost all prisoner challenges to their convictions and sentences toward 2255[.]" *Id.* There is, however, an exception. Pursuant to § 2255(e), a habeas corpus petition under § 2241 is permitted if the prisoner can show "that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."

Without first finding that § 2255 "is inadequate or ineffective to test the legality of his detention", *id.*, a district court cannot reach the merits of the arguments raised in a § 2241 petition. *Id.* (petition otherwise "shall not be entertained"); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). Until recently, the law of this Circuit permitted petitioners who satisfied certain conditions to employ § 2241 to challenge their conviction and sentence

via the "savings clause" in § 2255(e).[2] *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998). However, the Supreme Court recently closed the door on that possibility.

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" under the conditions identified in *Davenport.* The Supreme Court further held that § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists. Id. at 474. The Court explained that allowing a successive collateral attack through a § 2241 petition in any other circumstance would work an end-run around § 2255(h)'s express limitations on successive collateral attacks (providing only two circumstances where a successive collateral attack is permissible). *Id.* at 477.

In the instant case, Petitioner has already challenged his sentence through § 2255, and his current challenges do not fall into either of the two categories of cases for which a second collateral challenge would be permitted under § 2255(h). In addition, Petitioner presents no circumstances that make it impossible or impracticable for him to seek relief in the sentencing court. Therefore, he cannot collaterally challenge his sentence based on the grounds raised in his petition, whether under § 2241 or any other statute.

---

[2] Previously, petitioners who invoked the § 2255(e) "savings clause" to proceed on a § 2241 habeas petition had to satisfy three conditions: (1) the petitioner had to be relying on a case of statutory interpretation; (2) the new rule must have been previously unavailable and must have applied retroactively; and (3) the error asserted must have been grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. *Montana v. Cross,* 829 F.3d 775, 783 (7th Cir. 2016).

IV.   DISPOSITION

Petitioner Charles A. Hewitt's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **TERMINATED AS MOOT**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**SO ORDERED.**

Dated: November 22, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge